# MEMORANDUM OPINION

December 17, 2009

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

In re:

RODNEY DWAYNE PARTON                        Case No. 09-31055
                                            Chapter 7
                Debtor

BEFORE THE HONORABLE RICHARD STAIR, JR.

UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

    FOR THE DEBTOR:

    ROBERT R. REXRODE, ESQ.
    601 Concord Street, SW, Suite 106
    Knoxville, Tennessee 37919

    FOR PROBUILD:

    DOUGLAS L. DUNN, ESQ.
    706 Walnut Street, Suite 402
    Knoxville, Tennessee 37902

    FOR THE UNITED STATES TRUSTEE:

    PATRICIA C. FOSTER, ESQ.
    Howard H. Baker, Jr. United States Courthouse
    800 Market Street, Suite 114
    Knoxville, Tennessee 37902

1    THE COURT: The record in this bankruptcy case reflects that Mr. Parton

2    filed his Voluntary Petition under Chapter 7 on February 28, 2009. Schedule C to

3    that Petition establishes that he did not claim a homestead exemption in any residential

4    real property. According to the schedules, he jointly owns with his wife as tenants by

5    the entireties a house and lot located at either 1709 or 1749 Floyd Way in Gatlinburg,

6    Tennessee, the Motion and Petition give two different street addresses. The case was

7    closed on July 9, 2009, without the granting of Mr. Parton's discharge because he

8    failed to obtain the instructional course in personal financial management.

9    Thereafter, on October 1, 2009, the Debtor filed a Motion to Reopen to allow the

10   filing of the Certificate of Debtor Education and an Order reopening the case was

11   entered on October 27, 2009. He did, on November 13, 2009, file the Certificate of

12   Debtor Education. He also on November 13, 2009, filed the Motion to Avoid

13   Judicial Liens on Residential Real Estate, which was amended on November 20,

14   2009, and by this Motion seeks to avoid pursuant to 11 U.S.C. § 522(f)(1)(A) judicial

15   liens in the Floyd Way residence allegedly asserted by Exterior

16   Systems/Norandex/Reynolds, two liens by that entity, by The Contractor Yard, and

17   by Blalock Lumber Company d/b/a Blalock Ready Mix. Mr. Dunn, on behalf of The

18   Contractor Yard, has filed a Response in Opposition to the Motion. That response

19   was filed on December 7, 2009. The other entities, Blalock Lumber Company and

20   Exterior Systems/Norandex/Reynolds have not responded, but they really are not

21   required to respond. They have not been adequately served.

22        Mr. Rexrode, there are a number of procedural issues I am concerned

23   about. Mr. Dunn in ProBuild, it is now, who succeeded to the interest of The

24   Contractor Yard, raised the issue of Local Rule 4003-2. That local rule states:

25        A motion to avoid a judicial lien filed by a debtor pursuant to

1         11 U.S.C. § 522(f)(1)(A) must set forth—(1) the factual basis
2         for the motion, including the amount of the lien; (2) the identity
3         and fair market value of the property subject to the lien; (3) the
4         nature and amount of any other debts or obligations secured by
5         an interest in the property; and (4) the dollar amount of the
6         exemption.
7   With the exception of a street address for the property, this rule has not been
8   complied with.  There has been no effort to comply with the rule.  There is nothing in
9   the Motion setting forth the value of the property; the Motion does not state whether
10  there is or is not a first, second, or third mortgage on the property; does not set forth
11  the amounts of any mortgages encumbering the property; and does not set forth the
12  amounts of the judgment liens.  It does identify where the judgments are recorded,
13  but that is all.  The Motion does not state whether the judgment liens are against both
14  the Debtor and his non-debtor spouse or just against the Debtor.  None of the
15  required information has been alleged so there has been no compliance with
16  Rule 4003-2.
17        Additionally, with the exception of ProBuild who has appeared, the other
18  entities, as I have said, are not before the court.  They were not properly served with
19  the Motion.  The Certificate of Service evidences that attorneys have been served for
20  all these entities.  Mr. Christopher Conner, attorney, was served for
21  Systems/Norandex/Reynolds; Mr. Dunn for The Contractor Yard; and R.W. Brooks
22  was served as attorney for Blalock Lumber Company.  This does not comply with the
23  Federal Rules of Bankruptcy Procedure.  Rule 9014(b) of the Federal Rules of
24  Bankruptcy Procedure says that motions shall be served in accordance with Rule 7004
25  of the Federal Rules of Bankruptcy Procedure.  If one will look at service by mail,

1  which is the way these were served, there is no provision for service of an attorney

2  for a party unless that party happens to be the Debtor.  In this case, the Debtor is the

3  entity who filed the particular motion so those entities are not before the court.

4      There are substantive issues also.  The Motion on its face, as Mr. Dunn

5  alluded to in his argument, states clearly that the Debtor did not reside on the

6  property at the time he filed the bankruptcy petition on February 28, 2009.  If you

7  look at my decision in *In re Miller*, 246 B.R. 564, 566 (Bankr. E.D. Tenn. 2000), I

8  made this finding:

9      Exemptions to which a debtor is entitled are determined as of

10     the commencement of a bankruptcy case. *See, e.g.,*

11     *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935, 937 (8th

12     Cir. 1990) (Bankruptcy exemptions are 'fixed on the date of

13     filing' and 'only . . . the law and facts as they existed on the

14     date of filing the petition' are to be considered.); *In re Kollar*,

15     218 B.R. 349, 352 (Bankr. E.D. Pa. 1998) (collecting cases).

16     Thus, the homestead exemption to which the Debtor is entitled

17     under Tennessee law is the exemption that could be claimed on

18     . . . the date he filed his Voluntary Petition.

19 Tennessee Code Annotated § 26-2-301(a), if I am able to locate it, essentially

20 provides for the homestead exemption in property in the amount of $5,000.00

21 individually or $7,500.00 for a couple on property used as a "principal place of

22 residence."  Here, again, the Debtor was not residing on this property at the

23 commencement of his bankruptcy case so he was not entitled to claim a homestead

24 exemption.

25     Another concern I have is he did not claim an exemption, as I have noted.

1   There was no homestead exemption claimed on Schedule C.  The Debtor is not

2   entitled to avoid a judicial lien in property that is not claimed as exempt.  That is one

3   of the criteria, property has to be allowable as exempt and claimed as exempt.

4   More importantly is that this property was owned by Mr. Parton as a

5   tenancy by the entireties.  In my opinion *In re Arwood*, 289 B.R. 889 (Bankr. E.D.

6   Tenn. 2003), I held:

7   Accordingly, § 522(b)(2)(B) does not entitle the Debtor to claim

8   an exemption on entireties property; instead, it entitles him to

9   exempt his possessory interest in the Real Property, allowing

10   him to maintain possession of his home without the threat of a

11   third party encumbering that right.

12   In summary, because the Debtor has filed for bankruptcy and

13   his spouse has not, 'his bankruptcy estate [includes] only his

14   right of survivorship in the [Real Property].'

15   289 B.R. at 894.  Again, quoting from *Arwood*:

16   The bankruptcy courts in Tennessee have consistently held that

17   '[a] debtor has no homestead exemption in the right of

18   survivorship.' (citations omitted)

19   289 B.R. at 895.

20   [B]ased upon Tennessee law co-mingled with the Bankruptcy

21   Code, the Debtor does not have a right to claim his homestead

22   exemption in the Real Property because he does not actually

23   have a fully vested interest in either the Real Property or the

24   homestead exemption thereupon.  If the Debtor survives his

25   spouse, he will become fully vested in the Real Property, and at

that time, he will also become fully vested in the homestead exemption provided by Tennessee's Homestead Statute.

289 B.R. at 896.

For these procedural and substantive reasons, this Motion should not have been filed, Mr. Rexrode. You indicated you read the *Arwood* case. I do not believe you read it very thoroughly. The Motion will be denied.

This Memorandum constitutes findings of fact and conclusions of law as required by FED. R. CIV. P. 52(a), made applicable to this contested matter by Rule 9014(c) of the Federal Rules of Bankruptcy Procedure. I will see that an order is entered.

FILED: December 22, 2009

/s/ *Richard Stair, Jr.*
RICHARD STAIR, JR.
U.S. BANKRUPTCY JUDGE

Note:

This transcript contains the court's edits, corrections, and non-substantive changes to the oral opinion given in open court on December 17, 2009.